UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MUNIN KATHAWA,

       Plaintiff,                                Case No. 18-13026

vs.                                         HON. MARK A. GOLDSMITH

BRIAN FRIEDMAN, et al.,

       Defendants.
_____/

## OPINION & ORDER
## GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (Dkt. 26)

This matter is before the Court on Plaintiff Munin Kathawa's amended motion to amend the complaint (Dkt. 26). Kathawa seeks to add a new defendant, Deputy Warden Douglas Smith. Defendants oppose Kathawa's motion because they argue the motion is untimely, they would be prejudiced, and amending the complaint would be futile. For the reasons discussed below, the motion is granted.

## I.      BACKGROUND

Kathawa is a prisoner at the G. Robert Cotton Correctional Facility ("JCF") where he worked as a tutor in JCF's GED program. He worked as a tutor in non-party Laura Bendele's classroom. After a little more than a year working in Bendele's classroom, Kathawa was reassigned to work in Defendant Spencer Kinney's classroom. After being reassigned, Kathawa made both verbal and written complaints regarding the shortcomings of JCF's GED program. Subsequently, he was removed from his position as a tutor because Defendants claimed that Bendele had expressed concerns for her safety around Kathawa. However, in her deposition,

1

Bendele denied ever raising safety concerns about Kathawa and says she told Defendant Brian Friedman and Smith as much in a private meeting.

Kathawa filed a complaint against Defendants alleging that rather than terminating him because Bendele had expressed safety concerns, his termination was retaliation for criticizing the GED program in violation of his First Amendment right to free speech.

Smith was not originally named in Kathawa's complaint. Kathawa sought to add him to this action after Smith submitted an affidavit stating that Friedman had told him that Bendele had expressed concerns for her safety around Kathawa. Smith Aff., Ex. N to Defs' Mot. for Summ. J., ¶ 4 (Dkt. 20-15). Based in part on Bendele's safety concerns, Smith recommended Kathawa be terminated from his tutoring position and later approved a work evaluation terminating Kathawa's position. Id. ¶ 8, Attach. 1. However, Bendele testified that she had a meeting with Smith where she made it clear that she had never raised any safety concerns with respect to Kathawa. According to Kathawa, he did not know Smith was involved in the alleged retaliation until he read the affidavit.

## II.  LEGAL STANDARD

Unless a party is entitled to amend as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Federal Rules favor reaching decisions on the merits. Foman v. Davis, 371 U.S. 178, 182 (1962). To that end, courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" <u>Foman</u>, 371

U.S. at 182.

### III.    ANALYSIS

Defendants argue that Kathawa's motion should be denied because (i) Kathawa has failed

to demonstrate good cause for the untimely motion, (ii) amending the complaint would cause

undue prejudice to Defendants, and (iii) amending the complaint to add Smith would be futile.

The Court will take each argument in turn.

### A. Good Cause

First, Defendants argue that Kathawa failed to amend the complaint by the date set forth in

the scheduling order and has failed to show good cause for not doing so.  Resp. at 1.  Under Rule

16(b), a scheduling order "may be modified only for good cause and with the judge's consent."

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in

attempting to meet the case management order's requirements." <u>Inge v. Rock Fin. Corp.</u>, 281 F.3d

613, 625 (6th Cir. 2002) (quoting <u>Bradford v. DANA Corp.</u>, 249 F.3d 807, 809 (8th Cir. 2001)).

Defendants assert that Kathawa learned of Smith's alleged involvement as early as December 2018

during Bendele's deposition, or at the very latest during Defendants Purdy's and Friedman's

depositions in May and June of 2019.  Resp. at 3-4.   However, Kathawa maintains that Smith's

involvement did not become clear until he signed an affidavit used to support Defendants' motion

for summary judgment.  Kathawa has the better part of the argument.

Kathawa may have known that Bendele had a meeting with Smith where she explained that

she did not have any safety concerns.  But he did not know that Smith made a recommendation to

terminate Kathawa based on allegedly false information until Smith submitted his affidavit.

Kathawa has demonstrated good cause for not adding Smith to this action earlier and has timely filed his motion to amend.

### B. Prejudice

Defendants argue they will be prejudiced by an amended complaint because it will delay their ability to obtain a final judgment swiftly. Resp. at 5. They argue that in similar cases where discovery was closed and a motion for summary judgment had been fully briefed, courts have denied motions to amend. However, delay alone is not enough to prejudice Defendants in this case.

A party opposing a motion to amend on the grounds of undue delay must make a significant showing of not only delay, but also of prejudice. Pittman v. Experian Info. Sols., Inc., 901 F.3d 619, 641 (6th Cir. 2018). "The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." Phelps v. McClellan, 30 F.3d 658, 662 (6th Cir. 1994). Although delay itself is insufficient to deny leave to amend, a party seeking to amend his or her pleading at a late stage of litigation bears an increased burden to justify his or her failure to move earlier. Wade v. Knoxville, 259 F.3d 452, 459 (6th Cir. 2001).

Here, Kathawa learned of Smith's involvement when Defendants filed the affidavit in support of their motion for summary judgment. Kathawa moved swiftly to amend the complaint once he became aware of Smith's alleged involvement. Kathawa was justified not moving to amend the complaint earlier and Defendants cannot show significant prejudice from delay alone.

### C. Futility

Finally, Defendants argue that amending the complaint would be futile. Resp. at 6. Amending a complaint is futile if it would not withstand a motion to dismiss under Rule 12(b)(6). Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 512 (6th Cir. 2010). Defendants

4

argue that Smith has demonstrated a nonretaliatory motivation for his actions (safety concerns and unusual kites by other prisoners) and that the record does not indicate that Smith was even aware of Kathawa's complaints regarding the GED program. However, Defendants' arguments are inconsistent with the Rule 12(b)(6) standard of review. Kathawa alleges that Smith retaliated against him for making complaints about the GED program and that his reasons for recommending and approving his termination were untrue. That is enough to survive a Rule 12(b)(6) motion. What the record does or does not show has no bearing on a futility defense to amending a pleading.

## IV. CONCLUSION

For the reasons discussed above, Kathawa's amended motion to amend the complaint (Dkt. 26) is granted. Kathawa is granted leave to file his amended complaint as a separate docket entry on or before November 1, 2019.

SO ORDERED.

Dated: October 24, 2019          s/Mark A. Goldsmith
    Detroit, Michigan          MARK A. GOLDSMITH
                                United States District Judge